IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN S. GERTSCH,

        Petitioner,        Civil No. 09-99-CL

        v.        REPORT AND RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction dated October 12, 2001, from the Jackson County Circuit Court after convictions for Manslaughter in the Second Degree, Assault in the Third Degree, and Felony DUII. Following a bench trial, the court sentenced petitioner to 75 months of imprisonment on the Manslaughter conviction, to a consecutive 48-month term of imprisonment on the Assault conviction, and to a consecutive

1 - REPORT AND RECOMMENDATION

48 month term of imprisonment on the Felony DUII conviction. In sum, petitioner was sentenced to 171 months of imprisonment. Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 105 - 109.

Petitioner filed a formal petition for post-conviction relief, but the Marion County Circuit Court denied relief. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 139 - 145.

Petitioner filed a pro se petition under 28 U.S.C. sec. 2254 alleging six claims for relief with numerous sub-parts. Petition (#2) p. 5-8. Counsel was appointed for petitioner and filed a brief in Support (#45). The Brief in Support alleges two grounds for relief as follows:

> "A.   Trial counsel's representation was deficient when he failed to argue why a consecutive sentence for Felony DUI was improper and also failed to adequately preserve that issue for appeal."
>
> * * *
>
> B.   Trial counsel's representation was also deficient when he failed to object to the erroneous criminal history."

Brief in Support (#45) p. 11.

The grounds for relief alleged and argued in petitioner Brief in Support correlate to Ground 3 (a) ["trial counsel failed to adequately and effectively argue for concurrent sentences on all counts"] and (e) ["trial counsel failed to

2 - REPORT AND RECOMMENDATION

correct criminal history relied on at sentencing"]. No argument is made in support of any of the other claims alleged in petitioner's pro se petition. Therefore, petitioner's other pro se claims are properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), cert. denied 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner

3 - REPORT AND RECOMMENDATION

must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners

4 - REPORT AND RECOMMENDATION

"show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

Ground A:  Petitioner alleges as Ground A that his trial counsel's representation was deficient "when he failed to argue why a consecutive sentence for felony DUI was improper and failed to adequately preserve that issue for appeal." Brief in Support #45) p. 11. Petitioner argues that consecutive sentences were not proper under ORS 137.123 because:

5 - REPORT AND RECOMMENDATION

> "On it's face, Oregon's DUI statute does not recognize a victim. *See*, Or. Rev. State. sec. 83.010. The crime is committed as soon as an individual operates a motor vehicle while under the influence of intoxicants. The plain meaning of the terms used demonstrates that the legislature did not intend to commit a crime with victims. (sic) *See*, <u>PGE v. Bureau of Labor and Industries</u>, 317 Or. 606, 611 (1993). Although the prosecution argued that the State of Oregon was the victim, the sentencing judge rejected that contention.
>
> He found that there were multiple victims because everyone in the minivan was injured. Those individuals were victims of the assault and manslaughter counts, but they were not victims of the DUI. The situation is analogous to a shooting by a felon in possession of a firearm. If a person was injured by such shooting, they are the victim of an aggravated assault, they are not, however, the victim for purposes of the felon in possession charge.
>
> The facts of this case further attest to the error in the sentencing judge's view. The two felony person crimes, manslaughter, and assault III, were sentenced consecutively to the DUI, thus under the sentencing court's erroneous logic, only the misdemeanor assaults (sic) victims could be separate victims, because those counts were sentenced concurrently. Yet, if sentenced consecutively, those counts could carry only a year in county jail. It defied logic to impose a consecutive departure sentence four times as long as the sentence that could be imposed for the assault conviction where the injured party was manifestly the victim.
>
> The sentencing judge's comments also arguably embraced the family members of the assault victims and the manslaughter victim. While these individuals might fairly be deemed victims of the assault or manslaughter, that status is derivative. To whatever extent such relations were harmed, the harm flowed from the assaults committed with a motor vehicle, not from the mere operation of a motor vehicle under the influence.
>
> Trial counsel failed to argue or object to these flaws in the sentencing. Counsel also failed to object to the court's failure to make the

6 - REPORT AND RECOMMENDATION

>     requisite findings under Or. Rev. State. sec.
>     136.123. As argued above, trial counsel was
>     ineffective. *See also* Ex. 111 at 22-24."

Brief in Support (#45), p. 12 - 14.

Petitioner made an argument somewhat similar to this in his post-conviction proceeding. Exhibit 111, Petitioner's [PCR] Trial Memorandum, p. 22-24. However, on PCR appeal, petitioner only argument was that his attorney failed to make objection under *Apprendi*. Exhibit 139, Appellant's Brief, p. 13 - 24; *see also*, Exhibit 140, Supplemental Appellant's Brief. Likewise, in his Petition for Review to the Oregon Supreme Court, petitioner alleged only an *Apprendi* claim. Exhibit (#142).

Petitioner did not assert the claim argued in his Petition (#2) as Ground A in his PCR appeal and thus failed to give that claim "one complete round of the state's appellate review process." O'Sullivan v. Boerckel, supra at 844 - 845. The time for filing state appeals and collateral challenges has expired. Accordingly, petitioner procedurally defaulted Claim A. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Ground B: Petitioner alleges as Ground B that his attorney was deficient for failing "to object to the erroneous criminal history." Petitioner raised this claim in his Formal Petition

7 - REPORT AND RECOMMENDATION

for Post-conviction Relief. Exhibit 110, p. 4 [claim (e) - "failed to correct criminal history at sentencing"]. However, petitioner did not pursue this claim in his PCR appeal. See, Exhibits 139 and 140. Petitioner's PCR appeal only raised ineffective assistance of counsel claims based on counsel's "failure to "assert a meritorious objection to upward departure sentences. Id. Nor did Petitioner raise the incorrect criminal history claim in his Petition for Review to the Oregon Supreme Court. Exhibit 142.

Therefore, petitioner procedurally defaulted Ground B and has not established any cause and prejudice for his procedural default or that he is entitle to the fundamental miscarriage of justice exception to the exhaustion requirement.

Based on the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

8 - REPORT AND RECOMMENDATION

waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this ___ day of December, 2010.

Mark D. Clarke
United States Magistrate Judge

9 - REPORT AND RECOMMENDATION